UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-21300-JB/Torres

TESLA, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**PLAINTIFF'S EXPEDITED MOTION TO SHOW CAUSE WHY NON-PARTIES ALIEXPRESS AND ZAZZLE SHOULD NOT BE HELD IN CIVIL CONTEMPT AND TO FURTHER EXTEND THE TEMPORARY RESTRAINING ORDER**

Plaintiff, Tesla, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby moves the Court for an Order to Show Cause why Non-Parties AliExpress and Zazzle, Inc. ("Zazzle") should not be held in civil contempt for failing to comply with the Court's Sealed Order Granting Application for Entry of Temporary Restraining Order (the "TRO") [D.E. 12] and Plaintiff's subpoena *duces tecum*, as well as to further extend the expiration of the TRO pursuant to Fed. R. Civ. P. 65, and in support thereof submits the following Memorandum of Law.

**MEMORANDUM OF LAW**

### I.    Introduction and Background

On April 17, 2024, this Court issued the TRO, which was originally set to expire on May 1, 2024. TRO, at 10. On Plaintiff's motion [D.E. 15], the Court extended the TRO an additional fourteen (14) days to May 15, 2024. [D.E. 16]. A preliminary injunction hearing is presently sent for Monday May 13, 2024 at 10:30 A.M. *Id*.

On April 19, 2024, shortly after the TRO was originally issued, non-Parties AliExpress and Zazzle were each served by e-mail copies of the Complaint [D.E. 1], the TRO, and a sub-schedule of defendants from the Schedule "A" which were operating on the respective non-Parties' platforms. Sobrado Decl., ¶ 3. The TRO requires these non-Parties to comply within five (5) days of receipt. TRO, at 8. The TRO also granted Plaintiff early discovery (*Id*. at 9), pursuant to which the non-Party platforms were also served a subpoena *duces tecum* pursuant to Rule 45 to produce identifying and financial account information for those Defendants operating on their platforms. Sobrado Decl., ¶¶ 3-4, 7. Plaintiff's subpoenas required compliance on or before April 26, 2024. *Id*.

AliExpress replied to Plaintiff's e-mail service on April 24, 2024, effectively acknowledging receipt of the TRO and subpoena. Sobrado Decl., ¶ 5. Without basis, AliExpress required Plaintiff to provide evidence of infringement for each of the Defendants identified by Plaintiff operating on the AliExpress platform. *Id*., Ex. B, at 4. In an effort to avoid Court intervention, Plaintiff complied on April 29, 2024 while reminding AliExpress that its compliance with the TRO is mandatory regardless of this evidence. *Id*., Ex. B, at 3-4. On May 6, 2024, AliExpress replied that it was unable to access the documents provided by Plaintiff and ***again*** refused to comply with the TRO without copies of the evidence of infringement so it could independently verify the "legitimacy" of the Court's TRO:

> "Dear counsel,
>
> We respectfully reiterate that the ***screenshots evidence is necessary*** to provide to the platform. ***Without this document, we cannot identify whether there is an infringement or not. To ensure the legitimacy and accuracy of actions take in the frozen process***, only when we receive the complete materials related to TRO will we initiate the frozen process. This is our principle in dealing with TRO Requests. We believe we already stated this and guide you to prepare the documents in the TRO Protocol, which was sent to you at the very first beginning.

> We checked our database and found that this is not the first case we process with your law firm, which means you already know what kind of documents shall be sent to the platform under a TRO Request. Once we confirm the receipt of the complete materials, we will initiate our internal processing. The incomplete materials and threats will only cause a delay in processing TRO.
>
> Of course, we are no strangers to such TROs, which regularly emanate from a menagerie of law firms, and are well-acquainted with how these proceedings work. Unfortunately, we've seen some law firms raising frivolous or unfounded claims that waste valuable court's time, while putting good-faith third-party marketplaces at legal risk. Nonetheless, we generally take a neutral stance in proceedings where plaintiff brands are seeking equitable relief, and we will neither challenge the legitimacy or applicability of any given Order, nor raise jurisdictional, procedural or other objections in open court, unless we are forced to do so. In any event, there is no need for threats in this engagement. We believe collaboration and mutual understanding work far better than confrontation. But if we are forced to litigate in order to assert our rights, we will use the full arsenal at our disposal.
>
> **For we to process your request timely, please provide the screenshots evidence asap.**
>
> All our rights and remedies are reserved. Thank you.
>
> Best regards,
> AliExpress IPR Legal Team"

Sobrado Decl., ¶ 5, Ex. B, at 2-3 (some *emphasis* added, some **emphasis** in original).[1]

On May 7, 2024, Plaintiff provided a *third* link to AliExpress of the evidence of infringement hoping to avoid this Court's intervention despite AliExpress' baseless processing requirements, obtain the applicable Defendant's identifying information, and move the case

---

[1] For context, the undersigned's firm has had persistent compliance issues with AliExpress in representing other brand owners in IP enforcement actions. AliExpress has shown a consistent pattern of requiring intellectual property rights holders to jump through a myriad of hoops, unnecessary for compliance with restraining orders. Recently, in another matter, AliExpress astonishingly refused to comply with a restraining order because it independently concluded that those defendants were shielded from liability by nominative fair use, an affirmative defense. Sobrado Decl., ¶ 6. While that case is of course not before this Court, it provides context to AliExpress' pattern of delay and non-compliance, predicated on baseless requirements allegedly necessary to comply with this Court's TRO, and should be probative of the appropriate sanction the Court should fashion upon a finding of contempt.

forward. Sobrado Decl., ¶ 5. On May 8, 2024, AliExpress finally acknowledged that it had accessed the evidence of infringement for its independent review, but requested for the first time that Plaintiff provide a specific store URL for each Defendant as allegedly necessary to process the TRO. *Id*., Ex. B, at 2. Despite having ***more*** than enough information necessary to comply with the TRO, Plaintiff provided a spreadsheet of the requested URL addresses earlier today. *Id*., Ex. B, at 1.

As for Zazzle, it replied on April 24, 2024 with information for only one of the five defendants operating on its platform. Sobrado Decl., ¶ 8, Ex. D, at 2. Plaintiff's counsel replied by e-mail on April 29, May 1, May 3, and May 9 persistently requesting Zazzle supplement its production to include the missing sellers. *Id*. Zazzle has not substantively replied to Plaintiff's requests to supplement its responses.[2]

All other platforms were also served copies of the TRO, and all other platforms have responded indicating that the Defendants' operating on their platforms have been restrained in compliance with the TRO and providing Plaintiff identifying information for those Defendants in response to the Plaintiff's subpoena. Sobrado Decl., ¶ 10. Plaintiff has effectuated service on the Defendants operating on the other platforms. *Id*. Only non-Parties AliExpress and Zazzle have refused to comply as of the filing of this motion, and consequentially the Plaintiff has been unable to serve those Defendants without their identifying information. *Id*., ¶ 9.

**II.   Argument**

    **A.  The Non-Party Platforms are in Contempt**

---

[2] Zazzle gave one, non-substantive response on May 6, 2024 upon receipt of Plaintiff's Rule 45 subpoena by traditional service asking if it "is the same request as I previously answered." Sobrado Decl., ¶ 7, Ex. D, at 2. Plaintiff replied that it was, but Plaintiff was still missing information for four of the five defendants. *Id*.

### 1. Legal Standard – Civil Contempt

"A finding of civil contempt, willful disregard of the authority of the court, must be supported by clear and convincing evidence." *Riccard v. Prudential Insurance Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002). Clear and convincing evidence requires that: (1) the Order that is allegedly violated was valid and lawful; (2) the Order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the Order. *Id*.

A restraining order issued by the Court "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2); *see also U.S. v. Barnette*, 129 F.3d 1179, 1185 (11th Cir. 1997) ("Non-parties, despite a court's initial lack of personal jurisdiction, may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order."); *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1391-92 (9th Cir. 1995) (noting that "the nationwide scope of an injunction carries with it the concomitant power of the court to reach out to nonparties who knowingly violates its order."). A "non-party to the injunction or order may be found in contempt for violating the terms thereof if it had actual notice of the prohibited conduct." *Blanco GmbH + CO. KG v. Vlanco Industries LLC*, 12-cv-61580-RSR/PMH, 2013 WL 12498779, at *9, 11 (S.D. Fla. Dec. 12, 2013).

Additionally, the permissible scope of a Rule 45 subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34. *See Am. Fed'n of State, Cty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 477 (S.D. Fla. 2011). Accordingly, the party objecting to the requested discovery bear the burden to show that the discovery is not relevant, or

is of such minimal relevancy that the potential harm occasioned by the discovery outweighs the presumption in favor of broad discovery. *Id*.

### 2. AliExpress and Zazzle are in Contempt and Should Either Promptly Comply or Show Cause

The evidence submitted herewith provides clear and convincing evidence that non-Parties AliExpress and Zazzle have refused to fully comply with the TRO and Plaintiff's subpoena *duces tecum*. Neither has offered any excuse as to why it could not timely comply with the TRO's requirement, and neither has indicated that it intends to fully comply with the TRO despite both replying (non-substantively) to Plaintiff on April 24, 2024. AliExpress apparently is in the midst of an independent review of the "legitimacy" of the TRO, while Zazzle seems to be ignoring Plaintiff's requests for full compliance.

A show cause order is appropriate in view of AliExpress' and Zazzle's complete disregard of the Court's TRO as well as Plaintiff's subpoena *duces tecum*:

> "Although a district court has a certain amount of discretion in fashioning civil contempt sanctions and the procedure by which those sanctions are imposed, the court must stay within the bounds of due process. When the purportedly contumacious conduct occurs outside the presence of the court, due process requires, with very few exceptions, that the defendant (1) be informed, through a show-cause order, of his purportedly contumacious conduct, and (2) be given a hearing at which he can be represented by counsel, call witnesses, and testify in order to show cause why he should be held in contempt.

*Mercer v. Mitchell*, 908 F.2d 763, 767 (11th Cir. 1990).

Plaintiff requests the Court grant this motion and order these non-Parties to either fully comply with the TRO or to show-cause why sanctions should not be entered for civil contempt, with a *Mercer* hearing[3] to follow if either non-party continues to disregard the TRO.

### B. Extending the TRO and Resetting the Preliminary Injunction Hearing

---

[3] *Mercer* provided an "outline" for contempt proceedings in this Circuit. *See Mercer v. Mitchell*, 908 F.3d at 767-68.

1. **Legal Standard**

Pursuant to Rule 65, this Court may issue a temporary restraining order for a period of fourteen (14) days, and "for good cause shown," may extend a temporary restraining order for a "like period" of time. Fed. R. Civ. P. 65(b)(2). "There is authority for the proposition that, under appropriate circumstances, a court may extend a TRO beyond 28 days." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, Case No. 2:11-cv-00742, 2011 WL 4368418, at *1 (E.D. Wis. Sept. 19, 2011); *see also Almetals, Inc. v. Wickender Westfalenstahl, GMBH*, No. 08-10109, 2008 WL 624067, at *2-3 (E.D. Mich. Mar. 6, 2008) (granting plaintiff's request to extend TRO until plaintiff could effect service under Hague Convention); *Assocs. Fin. Servc. Co., Inc. v. Mercantile Mortgage Co.*, 727 F.Supp. 371, 375 (N.D. Ill. 1989) (granting several month extension because 20 days was "a woefully inadequate time in which to prepare for, hear and decide a motion for preliminary injunction.").

Additionally, prior to a preliminary injunction hearing, Rule 65 requires that the nonmoving party be provided notice and an opportunity to present its opposition. *Williams v. McKeithen*, 939 F.2d 1100, 1105 (5th Cir. 1991); *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). While Rule 65 does not define "notice," the notice requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Id.* (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 434 n. 7 (1974)).

2. **The Court Should Set the TRO Expiration Sufficiently After the Non-Parties Non-Compliance is Resolved**

Plaintiff respectfully submits that there is good cause to extend the Temporary Restraining Order an additional fourteen (14) days to expire May 29, 2024 because Plaintiff has not received

identifying information from AliExpress and Zazzle. In the interim, Plaintiff requests that the non-compliant non-Parties AliExpress and Zazzle be ordered to fully comply or show cause for their non-compliance on or before May 17, 2024 so that Plaintiff can provide the Defendants operating on those platforms sufficient notice of an appropriately rescheduled preliminary injunction hearing.

### III. Conclusion

Plaintiff respectfully requests that 1) non-Parties AliExpress and Zazzle be ordered to promptly and fully comply with the TRO as well as Plaintiff's subpoena *deuces tecum* or show cause for their non-compliance; and 2) the TRO is extended to remain in effect until May 29, 2024, after the conclusion of a rescheduled preliminary injunction hearing.

### Local Rule 7.1(d) Certificate of Expedited Motion

Plaintiff is filing this motion on an expedited basis pursuant to L.R. 7.1(d)(2) because a ruling is required on or before the preliminary injunction hearing presently set for Monday, May 13, 2024 at 10:30 A.M.

### Local Rule 7.1(a)(3) Certificate of Conferral

Counsel for the movant has made reasonable efforts to confer with the non-parties affected by the relief sought in this motion, as detailed in specificity with respect to the e-mail exchanges between each non-party and Counsel's repeated warnings to each that they were respectively in contempt of the Court's TRO. Although Counsel respectively submits that these conferral efforts complied with L.R. 7.1(a)(3), to the extent that the Court believes these conferral efforts were insufficient then Plaintiff requests relief from the local rule in consideration of the expedited nature

of the motion as well as the need to timely dissolve the TRO and hold a preliminary injunction hearing in the interest of all Parties including the other defendants on the other platforms presently restrained pursuant to the TRO.

Date:   May 9, 2024                              Respectfully submitted by,

**Arthur Robert Weaver**
Arthur Robert Weaver (Fla. Bar No. 92132)
Attorney Email address: rweaver@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue, South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831
*Attorneys for Plaintiff*

## Certificate of Service

A true and correct copy of the foregoing Expedited Motion to Show Cause and Further Extend the Temporary Restraining Order is being served by e-mail on the following:

AliExpress
ipr-ustro@aliexpress.com

Zazzle
Liana.larson@zazzle.com
legal@zazzle.com